**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |  |
|---|---|---|
| ERIC MILLER, on Behalf of Himself and All Others Similarly Situated, | : | No. 1:25-cv-00923-JMS-MJD |
|  | : |  |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| ELEVANCE HEALTH, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**I.    INTRODUCTION**

This securities class action lawsuit was filed on May 12, 2025, on behalf of purchasers of Elevance Health, Inc. ("Elevance" or the "Company") common stock between April 18, 2024, and October 16, 2024, inclusive (the "Class Period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF") should be appointed lead plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, CTPF's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

4932-5626-5300.v1

## II.    FACTUAL BACKGROUND

Headquartered in Indianapolis, Indiana, Elevance is a healthcare company that provides health insurance plans, including contracting with states to administer Medicaid benefits. Elevance negotiates premium rates with states based on the historical and expected cost to provide benefits, which is driven by member acuity (the level of care required) and utilization.

The complaint alleges that, throughout the Class Period, defendants made materially false and/or misleading statements regarding the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Medicaid redeterminations were causing the acuity and utilization of Elevance's Medicaid members to rise significantly, as the members being removed from Medicaid programs were, on average, healthier than those who remained eligible for the programs; and (ii) this shift was occurring to a degree that was not reflected in Elevance's rate negotiations with the states or in its financial guidance for 2024.

On July 17, 2024, the Company revealed it was "expecting second-half utilization to increase in Medicaid" and was "seeing signs of increased utilization across the broader Medicaid population." [Filing No. 1 at 8, ¶28.]  On this news, Elevance's stock price fell nearly 6%.

Then, on October 17, 2024, Elevance announced its third quarter 2024 financial results, revealing that it had missed consensus earnings per share ("EPS") expectations "due to elevated medical costs in [its] Medicaid business." [Filing No. 1 at 10, ¶32.]  The Company also lowered its full-year 2024 EPS guidance from $37.20 to approximately $33.00, an 11.3% reduction, because it expected the Medicaid cost issues to persist.  On this news, Elevance's stock price fell by more than 10%, further damaging investors.

4932-5626-5300.v1

As a result of defendants' alleged wrongful acts and omissions, and the decline in the market value of Elevance's common stock, CTPF and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    CTPF Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on May 12, 2025, via *Business Wire*. [Filing No. 18-2.] Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). CTPF meets these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Motion Is Timely

The May 12, 2025 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the

4932-5626-5300.v1

Court to be appointed as lead plaintiff within 60 days, or by July 11, 2025.  [Filing No. 18-2.]; 15 U.S.C. §78u-4(a)(3)(A).  Because CTPF's motion was timely filed by July 11th, it is eligible for appointment as lead plaintiff.

### 2.    CTPF Has Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and the accompanying loss chart, CTPF has a significant financial interest stemming from the purchase of 11,635 shares of Elevance common stock during the Class Period, resulting in approximately $1.1 million in losses as a result of defendants' alleged misconduct.  [Filing Nos. 18-3, 18-4.]  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, CTPF satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    CTPF Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).  For lead plaintiff appointment purposes, a movant needs to make a preliminary showing that it satisfies the Rule 23(a) requirements of typicality and adequacy.  *Winn v. Symons Int'l Grp., Inc.*, 2001 WL 278113, at *5 (S.D. Ind. Mar. 21, 2001).  "A 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'"  *Id.* (citation omitted).  A lead plaintiff satisfies the Rule 23(a)(4) adequacy requirement if "'(1) the class has sufficient interest in the outcome of the case, (2) the class members do not have interests that are antagonistic to others, and (3) class counsel is qualified, experienced, and able to conduct the litigation.'"  *Id.* (citation omitted).

- 4 -

4932-5626-5300.v1

CTPF satisfies both requirements. Indeed, its claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, CTPF: (1) purchased Elevance securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, CTPF's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

CTPF also satisfies the adequacy requirement. It has submitted a sworn Certification confirming its willingness and ability to serve as lead plaintiff, and its substantial financial losses will ensure vigorous advocacy. [Filing No. 18-3.] Established in 1895, CTPF is one of the nation's oldest public pension funds, entrusted with safeguarding the retirement security of over 96,000 members with approximately $12.5 billion in assets under management. As a sophisticated institutional investor with a proven record of prosecuting complex securities claims as lead plaintiff, CTPF will utilize its resources and experience to ensure vigorous and competent advocacy for the benefit of the putative class. *See generally* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). And, as further detailed below, CTPF retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class.

Because CTPF filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

4932-5626-5300.v1

**B.      The Court Should Approve CTPF's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Here, CTPF selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience in complex securities litigation.[1] Courts in this Circuit and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity."  *Id*.  Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.  *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4932-5626-5300.v1

Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

As a result, the putative class's interests in this case will be well represented if the Court approves CTPF's selection of Robbins Geller as Lead Counsel.

## IV.    CONCLUSION

CTPF has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, CTPF respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  July 11, 2025

Respectfully Submitted,

/s/ Jonathan A. Knoll

Irwin B. Levin (#8786-49)
Jonathan A. Knoll (#29324-49)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN  46204
Telephone:  (317) 743-7647
Facsimile:  (317) 636-2593
ilevin@cohenmalad.com
jknoll@cohenmalad.com

Local Counsel for Proposed Lead Plaintiff

4932-5626-5300.v1

Darren J. Robbins
Danielle S. Myers
Michael Albert
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4932-5626-5300.v1