**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC MILLER, Individually and on Behalf of All Others Similarly Situated, <br><br>             Plaintiff, <br><br>     -v- <br><br> ELEVANCE HEALTH, INC., GAIL K. BOUDREAUX, FELICIA F. NORWOOD, MARK B. KAYE and STEPHEN B. TANAL, <br><br>           Defendants. | Case No. 1:25-cv-923 <br><br> The Honorable Jane Magnus-Stinson <br><br> Magistrate Judge Mark J. Dinsmore <br><br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ACHMEA/BLUE SKY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     BACKGROUND ...................................................................................................... 3

III.    ARGUMENT............................................................................................................ 5

        A.      Achmea/Blue Sky Satisfy the PSLRA's Requirements and Should Be
              Appointed Lead Plaintiff............................................................................... 5

              1.      Achmea/Blue Sky's Motion Is Timely ........................................... 6

              2.      Achmea/Blue Sky Have the Largest Financial Interest in the Relief
                      Sought by the Class......................................................................... 6

              3.      Achmea/Blue Sky Satisfy the Relevant Requirements of Rule 23 ............ 7

                    (a)      Achmea/Blue Sky's Claims Are Typical ....................................... 7

                    (b)      Achmea/Blue Sky Will Adequately Protect the Interests of
                            the Class .......................................................................... 8

        B.      Achmea/Blue Sky are Precisely the Type of Lead Plaintiff Envisioned by
              the PSLRA ..................................................................................... 8

IV.     THE COURT SHOULD APPROVE ACHMEA/BLUE SKY'S SELECTION OF
        LEAD COUNSEL .......................................................................................... 10

CONCLUSION.......................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Baron v. Angie's List, Inc.*,
  2014 WL 12755050 (S.D. Ind. June 16, 2014) ............................................................... 5

*In re Boeing Co. Aircraft Sec. Litig.*,
  2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ............................................................... 10

*Hedick v. Kraft Heinz Co.*,
  2019 WL 4958238 (N.D. Ill. Oct. 8, 2019) ................................................................... 7

*Johnson v. Tellabs, Inc.*,
  214 F.R.D. 225 (N.D. Ill. 2002) .............................................................................. 7, 8

*Munch v. Sprout Soc., Inc.*,
  2024 WL 4753734 (N.D. Ill. Nov. 12, 2024) ............................................................. 7, 10

*Sakhrani v. Brightpoint, Inc.*,
  78 F. Supp. 2d 845 (S.D. Ind. 1999) ........................................................................ 9, 12


**Statutes**

15 U.S.C. § 78u-4 *et seq.* ............................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ......................................................................................... 8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ...................... 8

Achmea/Blue Sky[1] respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Achmea/Blue Sky as Lead Plaintiff in the above-captioned securities class action; (2) approving their selection of Grant & Eisenhofer P.A. ("G&E") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel for the Class; and (3) granting any further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

On May 12, 2025, BLB&G, on behalf of Plaintiff Eric Miller, filed the above-captioned action against Elevance Health, Inc. ("Elevance" or the "Company"), Gail K. Boudreaux ("Boudreaux"), Felicia F. Norwood ("Norwood"), Mark B. Kaye ("Kaye") and Stephen B. Tanal ("Tanal") (collectively, "Defendants").  ¶¶ 14-18.[2]  The action asserts claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants, on behalf of investors who purchased or otherwise acquired Elevance common stock between April 18, 2024, and October 16, 2024, inclusive (the "Class Period").  Specifically, the action alleges that, throughout the Class Period, Defendants made false and misleading statements regarding their assessment of Elevance's Medicaid utilization in relation to its state partners' redetermination of eligible recipients, and Elevance's purported visibility into the level of care required, or acuity, of its Medicaid business' patients.  Elevance investors, including Achmea/Blue Sky, incurred

---

[1] "Achmea/Blue Sky" or the "Stichtingen" refer to the following related entities: Stichting juridisch eigenaar Achmea IM Liquid Asset Funds; Stichting Bewaarder Achmea Beleggingspools; and Stichting Bewaarder Syntrus Achmea Beleggingspools.  Achmea Investment Management B.V. ("Achmea IM"), which recently completed its acquisition of Blue Sky Group Asset Management ("Blue Sky Group"), serves as the investment manager for the Stichtingen.

[2] Unless otherwise specified, citations to "¶ __" or the "Complaint" are to the Complaint for Violations of the Federal Securities Laws filed in the action styled *Miller v. Elevance Health, Inc.*, No. 1:25-cv-923.  [Filing No. 1].

significant losses after the Company revealed a substantial increase in Medicaid utilization rates and elevated medical costs that negatively impacted its profitability.

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws.  Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest in the relief sought by the class" and that also makes a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Achmea/Blue Sky believe that they are the "most adequate plaintiff" by virtue of, among other things, the ***over \$12.6 million*** in losses, as calculated on a last-in, first-out ("LIFO") basis, that they incurred on their purchases of 95,695 shares of Elevance common stock during the Class Period.[3]  *See* Williams Decl., Exs. 1 [Filing No. 19-2] & 2 [Filing No. 19-3].

In addition to possessing a substantial financial interest, Achmea/Blue Sky satisfy the relevant requirements of Rule 23 because their claims are typical of those of the Class, and they will fairly and adequately represent the interests of the Class.  As sophisticated institutional investors with a significant financial interest in the litigation, Achmea/Blue Sky are the paradigmatic investors that Congress intended to serve as lead plaintiff under the PSLRA and their appointment would fulfil this critical legislative purpose.  Achmea/Blue Sky also have experience monitoring and coordinating with counsel, including a predecessor's prior experience as a lead plaintiff in securities class actions in which BLB&G served as lead or co-lead counsel.

---

[3] Achmea/Blue Sky's PSLRA-required Certification is attached as Exhibit 1 to the Declaration of Joseph N. Williams in Support of the Motion of Achmea/Blue Sky for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Williams Decl.").  In addition, a chart providing calculations of Achmea/Blue Sky's losses is provided as Exhibit 2 to the Williams Decl.

Achmea/Blue Sky understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.  Accordingly, Achmea/Blue Sky have both the incentive and ability to oversee this litigation.

Achmea/Blue Sky have further demonstrated their adequacy by selecting G&E and BLB&G to serve as Lead Counsel for the Class.  Both firms are highly experienced prosecuting claims under the federal securities laws and have, working together, jointly recovered more than $1 billion for investors in actions subject to the PSLRA.  Accordingly, the Court should approve Achmea/Blue Sky's selection of G&E and BLB&G as Lead Counsel.

## II.    BACKGROUND

As alleged in the Complaint, Elevance offers health care plans to individuals, employer groups, as well as Medicaid and Medicare markets.  ¶ 20.  Elevance enters into contracts with states to provide Medicaid coverage through a competitive process that involves negotiating rates with individual states.  *Id.*  During the Class Period, Boudreaux was the Company's Chief Executive Officer, Kaye was the Company's Chief Financial Officer as well as one of the Executive Vice Presidents, Norwood was one of the Company's Executive Vice Presidents as well as the President of Government Health Benefits, and Tanal was one of the Company's Vice Presidents, particularly handling Investor Relations.  ¶¶ 15-18.

Throughout the Class Period, Defendants touted the normalization of patients' acuity, given Elevance's purported near-complete visibility into its state partners' redeterminations of eligible Medicaid recipients as of April 18, 2024.  ¶¶ 23-26.  Subsequently, however, Boudreaux announced during Elevance's earnings conference call on July 17, 2024 that "[a]s a result of redeterminations, [Elevance's] Medicaid membership mix has shifted, resulting in increased acuity."  ¶ 28.  Kaye added that Elevance was "expecting second-half utilization to increase in

3

Medicaid," and that Elevance was now "seeing signs of increased utilization across the broader Medicaid population." *Id.* Norwood also acknowledged "the potential for a short-term disconnect between the timing of [Elevance's] rates and the emerging acuity in [Elevance's] populations." *Id*. In reaction to these announcements, Elevance's stock price declined by $32.21 per share, or 5.8%, from a closing price of $553.14 per share on July 16, 2024, to a closing price of $520.93 per share on July 17, 2024. ¶ 29.

Defendants nevertheless assuaged investors' concerns by stating that this increase in costs was accounted for in Elevance's guidance. Specifically, during an earnings conference call with investors on July 17, 2024, Boudreaux claimed that the Company had "prudently maintained [its] full-year outlook given industry-wide dynamics we are navigating in our Medicaid business." ¶ 31. Kaye likewise assured investors that Elevance's "full-year outlook does allow for both this shift in acuity and increased utilization in the second half of the year." *Id.* Despite the announced cost increase, Kaye stated: "Nonetheless, we expect to achieve [Elevance's] full-year adjusted diluted earnings per share guidance of at least $37.20." *Id.*

On October 17, 2024, however, Boudreaux disclosed that Elevance had reduced its full-year outlook for adjusted diluted earnings per share from $37.20 to "approximately $33," attributing this to "timing disconnects between Medicaid rates and acuity." ¶¶ 32-33. Boudreaux further explained that "[w]hile the rate increases we've received are the highest in the past decade, they are still inadequate to cover 2024 cost trends that we now expect to be 3 to 5 times historical averages." ¶ 33. Upon further questioning, Kaye revealed that Elevance "experienced accelerated cost trends in Medicaid throughout the third quarter. And additionally, [Elevance] saw unfavorable prior-period development related to the current year, specifically in [Elevance's] Medicaid business." ¶ 34. Investors again reacted negatively to this news, and the price of Elevance

4

common stock declined by $52.61 per share, or 10.6%, from a closing price of $496.96 per share on October 16, 2024, to a closing price of $444.35 per share on October 17, 2024. ¶ 35.

## III.    ARGUMENT

### A.    ACHMEA/BLUE SKY SATISFY THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth the procedure that governs the appointment of a lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). A plaintiff who files the initial complaint must, within twenty days, publish a notice informing class members of: the pendency of the action; the claims asserted therein; the class period; and the right to file a motion with the court seeking to be appointed as lead plaintiff within 60 days after the publication of the notice. *See id*. § 78u-4(a)(3)(A)(i). Within 60 days after the publication of such notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff. *See id*. § 78u-4(a)(3)(A)(i)(II).

The PSLRA requires the Court to appoint as Lead Plaintiff the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a strong presumption that the "most adequate plaintiff" is the movant that: (1) has "either filed the complaint or made a motion in response to a notice"; (2) has the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23." *Id*. § 78u-4(a)(3)(B)(iii)(I). Once triggered, that presumption may be rebutted by other class members, but only by offering "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II); *see also Baron v. Angie's List, Inc.*, 2014 WL 12755050, at *1 (S.D. Ind. June 16, 2014) (discussing the PSLRA's process for selecting a lead plaintiff).

5

As set forth below, Achmea/Blue Sky believe that they are the "most adequate plaintiff" and should be appointed Lead Plaintiff because they filed a timely motion, possess the largest financial interest of any qualified movant, satisfy the typicality and adequacy requirements of Rule 23, and are sophisticated institutional investors with the experience and resources to oversee the vigorous prosecution of this action.

### 1.    Achmea/Blue Sky's Motion Is Timely

Under the PSLRA, any Class member may seek appointment as Lead Plaintiff within 60 days of the publication of notice that a federal securities class action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On May 12, 2025, Mr. Miller filed the above-captioned action. That same day, counsel for Mr. Miller, BLB&G, published a notice in *Business Wire* alerting investors to the pendency of the action, and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is July 11, 2025. *See* Williams Decl., Ex. 3 [Filing No. 19-4]. Accordingly, Achmea/Blue Sky's motion is timely.

### 2.    Achmea/Blue Sky Have the Largest Financial Interest in the Relief Sought by the Class

Achmea/Blue Sky should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Achmea/Blue Sky incurred substantial losses of over $12.6 million, as calculated on a LIFO basis, on their Class Period purchases of 95,695 shares of Elevance common stock. *See* Williams Decl., Exs. 1 [Filing No. 19-2] & 2 [Filing No. 19-3]. To the best of Achmea/Blue Sky's knowledge, no other movant seeking Lead Plaintiff appointment has a larger financial interest in the litigation. Accordingly, Achmea/Blue Sky have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6

**3.      Achmea/Blue Sky Satisfy the Relevant Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Achmea/Blue Sky also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) ("In selecting the lead plaintiff under the PSLRA . . . typicality and adequacy of representation are the only relevant considerations."); *see also Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019) (requiring a "preliminary showing" of typicality and adequacy).  Achmea/Blue Sky satisfy the typicality and adequacy requirements.

**(a)      Achmea/Blue Sky's Claims Are Typical**

Achmea/Blue Sky's claims are typical of the claims of other Class members.  Typicality is satisfied when the movant's claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."  *Munch v. Sprout Soc., Inc.*, 2024 WL 4753734, at *7 (N.D. Ill. Nov. 12, 2024).  Achmea/Blue Sky and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical.  Like other Class members, Achmea/Blue Sky (1) purchased Elevance common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements, and (3) were damaged as a result.  *See id.*  (finding typicality satisfied where movant "(1) purchased [defendant company] stock during the class period; (2) was adversely affected by defendants' allegedly false and/or misleading statements and omissions; and (3) suffered damages because of those statements and omissions").  Accordingly, Achmea/Blue Sky satisfy Rule 23's typicality requirement.

7

        **(b)**        **Achmea/Blue Sky Will Adequately Protect the Interests of the Class**

Achmea/Blue Sky also satisfy the adequacy requirement of Rule 23. Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The adequacy element of Rule 23 is met when the proposed lead plaintiff demonstrates that: "(1) [its] claims are not antagonistic or in conflict with those of the class; (2) [it] has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) [it] is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Tellabs*, 214 F.R.D. at 228-29. Achmea/Blue Sky satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class's claims. Achmea/Blue Sky's interests are directly aligned with those of the other Class members and there are no facts to suggest any actual or potential conflict of interest or other antagonism between Achmea/Blue Sky and other Class members. Achmea/Blue Sky have further demonstrated their adequacy through their selection of G&E and BLB&G as Lead Counsel to represent the Class in this action. As discussed below, both firms are highly qualified and experienced in securities class action litigation and have repeatedly demonstrated their ability to conduct complex securities class action litigation effectively. Accordingly, Achmea/Blue Sky meet Rule 23's adequacy requirement.

**B.**        **ACHMEA/BLUE SKY ARE PRECISELY THE TYPE OF LEAD PLAINTIFF ENVISIONED BY THE PSLRA**

In addition to possessing the largest financial interest and satisfying the requirements of Rule 23, Achmea/Blue Sky are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will

ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) (noting that the "PSLRA was enacted with the explicit hope that institutional investors, who tend to have by far the largest financial stakes in securities litigation, would step forward to represent the class and exercise effective management and supervision of the class lawyers").

Achmea IM is one of the largest providers of fiduciary and asset management services in the Netherlands. As of March 2025, Achmea IM managed approximately €226 billion in combined assets for its customers. Achmea IM, which recently acquired Blue Sky Group, a Netherlands-based asset manager, provides certain portfolio management services to the Stichtingen, which hold legal title to the Elevance shares they purchased during the Class Period. *See* Williams Decl., Ex. 1 [Filing No. 19-2]. Moreover, one of the predecessors to the Stichtingen has experience serving as a lead plaintiff and supervising the work of outside counsel in prior securities class actions. For example, that predecessor served as a lead plaintiff, with BLB&G as co-lead counsel, in *In re SCANA Corporation Securities Litigation*, No. 17-cv-2616 (D.S.C.), which resulted in a $192.5 million recovery for investors.

In sum, as sophisticated institutional investors with the capability, resources, and experience to oversee this complex litigation and ensure the vigorous prosecution of the claims against Defendants, Achmea/Blue Sky are precisely the type of investors Congress intended to lead securities class actions when enacting the PSLRA.

9

### IV. THE COURT SHOULD APPROVE ACHMEA/BLUE SKY'S SELECTION OF LEAD COUNSEL

The PSLRA grants the lead plaintiff the authority to select and retain counsel to represent the entire class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts generally defer to the lead plaintiff's choice of counsel, unless that choice is adverse to the interests of the class. *See Sprout Soc.*, 2024 WL 4753734, at *9 ("Courts generally accept the appointed lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to 'protect the interests of the class.'") (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Achmea/Blue Sky have selected G&E and BLB&G to serve as Lead Counsel for the Class. Each firm is highly experienced in complex litigation. G&E has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco Int'l Ltd. Sec. Litig.*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Pfizer Inc. Sec. Litig.*, No. 1:04-cv-9866 (S.D.N.Y.) ($486 million recovery); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Sec. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery); *In re Marsh & McLennan Cos. Sec. Litig.*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re Gen. Motors Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Sec. Litig.*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See* Williams Decl., Ex. 4 (G&E Firm Résumé) [Filing No. 19-5].

Similarly, as detailed in its firm résumé, BLB&G is among the preeminent securities class action law firms in the country and has extensive experience serving as lead or co-lead counsel in securities class actions. *See* Williams Decl., Ex. 5 (BLB&G Firm Résumé) [Filing No. 19-6]; *see also In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *9 n.12 (N.D. Ill. Nov. 15,

2019) (noting BLB&G's "extensive experience and record of success on behalf of investors in many substantial securities fraud class actions"). Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288-DLC (S.D.N.Y.), in which settlements totaling over $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also secured recoveries of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and $1.06 billion in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.). More recently, Bernstein Litowitz obtained a $1 billion recovery for investors in *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.). Other significant examples in which courts in the Seventh Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Kraft Heinz Co. Sec. Litig.*, No. 19-cv-1339 (N.D. Ill.) ($450 million recovery, representing the second largest ever securities class action recovery in the Seventh Circuit); *In re Stericycle, Inc. Sec. Litig.*, No. 16-cv-7145 (N.D. Ill.) ($45 million recovery); *In re Spectrum Brands Sec. Litig.*, No. 19-cv-347 (W.D. Wis.) ($32 million recovery); and *In re Akorn, Inc. Data Integrity Sec. Litig.*, No. 18-cv-1713 (N.D. Ill.) ($27.5 million recovery).

G&E and BLB&G also have a history of successfully prosecuting securities fraud class actions together as co-lead counsel. Those joint prosecutions have resulted in collective recoveries of over $1 billion on behalf of investors and include, among others: *In re Refco, Inc, Sec. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery); *In re DaimlerChrysler Sec. Litig.*, No. 00-cv-993 (D. Del.) ($300 million recovery); *In re Merck & Co. Inc. Vytorin/Zetia Sec. Litig.*, No. 08-cv-2177 (D.N.J.) ($215 million recovery); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery); and *Logan v. ProPetro Holding*

11

*Corp.*, No. 19-cv-217 (W.D. Tex.) ($30 million recovery). G&E and BLB&G also currently serve as co-lead counsel in *OFI Invest Asset Management v. Lamb Weston Holdings, Inc.*, No. 24-cv-282 (D. Idaho).

The Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Achmea/Blue Sky's selection of G&E and BLB&G as Lead Counsel for the Class. *See Brightpoint*, 78 F. Supp. 2d at 855 (approving lead plaintiff's selection of two law firms as lead counsel).

## CONCLUSION

For the foregoing reasons, Achmea/Blue Sky respectfully request that this Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of G&E and BLB&G as Lead Counsel for the Class; and (3) grant any further relief as the Court may deem just and proper.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams
**WILLIAMS LAW GROUP, LLC**
1101 North Delaware Street
Indianapolis, IN 46202
Tel.: (317) 633-5270
Fax: (317) 426-3348
joe@williamsgroup.law

*Local Counsel for Proposed Lead Plaintiff Achmea/Blue Sky*

Karin E. Fisch
Timothy Clark B. Dauz
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
tdauz@gelaw.com

12

Jeroen van Kwawegen
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 544-1400
Fax: (212) 554-1444
jeroen@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Achmea/Blue Sky and Proposed Lead Counsel for the Class*

13