**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC MILLER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  -v-<br><br>ELEVANCE HEALTH, INC., GAIL K. BOUDREAUX, FELICIA F. NORWOOD, MARK B. KAYE and STEPHEN B. TANAL,<br><br>     Defendants. | Case No. 1:25-cv-923<br><br>The Honorable Jane Magnus-Stinson<br><br>Magistrate Judge Mark J. Dinsmore<br><br><br>CLASS ACTION |

**ACHMEA/BLUE SKY'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.     PRELIMINARY STATEMENT ................................................................................. 1

II.    ARGUMENT ............................................................................................................ 2

      A.    Achmea/Blue Sky Should Be Appointed Lead Plaintiff......................................... 2

           1.    Achmea/Blue Sky Have The Largest Financial Interest ............................ 3

           2.    Achmea/Blue Sky Satisfy The Requirements Of Rule 23 ......................... 4

           3.    The Presumption In Favor Of Appointing Achmea/Blue Sky As Lead Plaintiff Cannot Be Rebutted ..................................................................... 6

      B.    The Court Should Approve Achmea/Blue Sky's Selection Of Lead Counsel ........ 6

III.   CONCLUSION ........................................................................................................ 7

i

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Baron v. Angie's List, Inc.*,
  2014 WL 12755050 (S.D. Ind. June 16, 2014)...........................................................4

*Cent. Cmty. Church of God v. Ent & Imler CPA Grp., PC*,
  2005 WL 1115960 (S.D. Ind. May 9, 2005)..............................................................7

*City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
  2022 WL 1505907 (D. Mass. May 12, 2022)............................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  288 F.R.D. 26 (S.D.N.Y. 2012) ...............................................................................6

*Fialkov v. Celladon Corp.*,
  2015 WL 11658717 (S.D. Cal. Dec. 9, 2015)...........................................................7

*Grobler v. Inotiv, Inc.*,
  2022 WL 4181295 (N.D. Ind. Sept. 12, 2022) ....................................................3, 5

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ......................................................................................6

*Shah v. Zimmer Biomet Holdings, Inc.*,
  2017 WL 1207158 (N.D. Ind. Apr. 3, 2017) ............................................................6

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
  549 F.3d 100 (2d Cir. 2008).....................................................................................5

*Winn v. Symons Int'l Grp., Inc.*,
  2001 WL 278113 (S.D. Ind. Mar. 21, 2001).............................................................4

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)...............................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).........................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...........................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................6

Achmea/Blue Sky respectfully submit this memorandum of law in opposition to the competing motion for appointment as Lead Plaintiff.[1]

## I. PRELIMINARY STATEMENT

Achmea/Blue Sky are the presumptive Lead Plaintiff in this case by virtue of having incurred more than $12.6 million in losses on their Class Period investments in Elevance common stock, and their demonstrated adequacy to prosecute this case. Achmea/Blue Sky's losses are multiples greater than the sole competing movant's loss, and that movant cannot offer any legitimate arguments as to why Achmea/Blue Sky should not be appointed Lead Plaintiff, let alone provide the "proof" required to rebut Achmea/Blue Sky's status as the presumptive Lead Plaintiff.

In addition to Achmea/Blue Sky's motion, the only other motion seeking appointment as Lead Plaintiff was filed by the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF"). [Filing No. 18]. Of the two Lead Plaintiff movants in this case, Achmea/Blue Sky have the larger financial interest in the litigation. Achmea/Blue Sky's losses are ***eleven times greater*** than the approximately $1.1 million loss asserted by CTPF. Moreover, Achmea/Blue Sky purchased significantly more Elevance shares on a gross and net basis, and made a substantially larger net expenditure to acquire those shares, than did CTPF. Thus, by any relevant metric, Achmea/Blue Sky possess the largest financial interest in this litigation of all movants. In recognition that Achmea/Blue Sky is the "most adequate plaintiff," CTPF neither contends that it has a larger financial interest than Achmea/Blue Sky, nor does it challenge Achmea/Blue Sky's typicality or adequacy. [Filing No. 24 at 1].

---

[1] All capitalized terms are defined in Achmea/Blue Sky's opening brief, unless otherwise indicated. [Filing No. 23]. All emphasis is added and all internal citations are omitted, unless noted.

Achmea/Blue Sky also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members. Achmea/Blue Sky are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Achmea/Blue Sky are committed to actively overseeing the prosecution of this litigation, and have selected G&E and BLB&G—law firms with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

Because Achmea/Blue Sky have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, Achmea/Blue Sky are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Achmea/Blue Sky are atypical or inadequate. *See id.* § 78u-4(a)(3)(B)(iii)(II). No such proof exists, and there are no legitimate grounds to challenge Achmea/Blue Sky's typicality or adequacy.

Accordingly, the Court should appoint Achmea/Blue Sky as Lead Plaintiff and approve their selection of G&E and BLB&G as Lead Counsel for the Class.

## II.    ARGUMENT

### A.    Achmea/Blue Sky Should Be Appointed Lead Plaintiff

Achmea/Blue Sky are presumptively the "most adequate plaintiff" because they are the movant with the "largest financial interest in the relief sought" that satisfies the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption favoring the appointment of Achmea/Blue Sky can only be rebutted with "proof" that they "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses that render [them] incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II). Here, no "proof"

2

exists to rebut that presumption. Accordingly, Achmea/Blue Sky are entitled to appointment as Lead Plaintiff.

### 1.      Achmea/Blue Sky Have The Largest Financial Interest

When assessing which movant has asserted the largest financial interest in the litigation, courts in this Circuit consider a movant's loss as the most important factor. *See, e.g.*, *Grobler v. Inotiv, Inc.*, 2022 WL 4181295, at *2 (N.D. Ind. Sept. 12, 2022) (in assessing financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total loss").

As illustrated in the chart below, based on the information included in the movants' respective filings, Achmea/Blue Sky's losses of more than $12.6 million are eleven times larger than the loss asserted by CTPF. Achmea/Blue Sky also have the largest financial interest based on other factors courts consider in making that determination, having purchased more total shares, purchased more net shares, and expended more net funds, with each of those numbers being multiples larger than CTPF's comparable data.[2]   [Filing Nos. 18-4 at 2; 19-3 at 2-4].

| Movant | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **Achmea/Blue Sky** | **$12,682,355** | **95,695** | **89,409** | **$48,062,932** |
| CTPF | $1,153,613 | 11,635 | 11,004 | $5,440,032 |

There can be no credible dispute that Achmea/Blue Sky have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[2] *See Inotiv*, 2022 WL 4181295, at *2 (noting that courts in the Seventh Circuit consider the following factors to determine which movant has the largest financial interest: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs").

### 2.    Achmea/Blue Sky Satisfy The Requirements Of Rule 23

At the lead plaintiff stage, a movant must make only a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Winn v. Symons Int'l Grp., Inc.*, 2001 WL 278113, at \*5 (S.D. Ind. Mar. 21, 2001) ("[A]t this stage of the litigation, the inquiry into whether Plaintiffs meet Rule 23 requirements is only preliminary" and "courts examine only typicality and adequacy[.]").  As demonstrated in their opening brief, Achmea/Blue Sky unquestionably satisfy both requirements.

Achmea/Blue Sky are typical Class representatives.  [Filing No. 23 at 10].  Like all other Class members, Achmea/Blue Sky (1) purchased Elevance common stock during the Class Period, (2) at prices artificially inflated by Defendants' alleged materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud.  *See Baron v. Angie's List, Inc.*, 2014 WL 12755050, at \*2 (S.D. Ind. June 16, 2014) (finding typicality met because movant "purchased [defendant company's] stock during the relevant time frame in reliance upon the allegedly false and misleading statements made by the Defendants, just like all of the other putative class members").

Achmea/Blue Sky also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  [Filing No. 23 at 11].  There is no conflict between Achmea/Blue Sky's interests and those of the other Class members.  To the contrary, the interests of Achmea/Blue Sky and other Class members are directly aligned because all have suffered damages from their purchases of Elevance common stock at prices that were artificially inflated by Defendants' alleged misconduct.  As discussed above, Achmea/Blue Sky have a substantial financial interest in the relief sought by the Class that provides them with the incentive to ensure the vigorous

4

prosecution of this litigation. *See Inotiv*, 2022 WL 4181295, at \*3 (finding that lead plaintiff movant's "large financial interest . . . in this dispute gives it every incentive to vigorously represent the interests of the class").

Moreover, Achmea/Blue Sky are sophisticated institutional investors, the type of Lead Plaintiff Congress sought to encourage in its enactment of the PSLRA. As such, Achmea/Blue Sky have the experience and resources to prosecute this action efficiently and in the best interests of the Class. [Filing No. 23 at 11-12]. Indeed, a predecessor of Achmea/Blue Sky has experience prosecuting other securities class actions as a lead plaintiff. [Filing No. 23 at 12]. Achmea/Blue Sky also submitted a sworn Certification attesting to their willingness and ability to fulfill the obligations of Lead Plaintiff in this case, and confirming that Achmea/Blue Sky hold legal title to the Elevance shares they purchased during the Class Period and therefore have standing to assert claims against Defendants arising from losses incurred on those shares. [Filing No. 19-2 at 2-3]; *see also W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (explaining that, in the context of securities claims, entities that hold legal title to the securities at issue have standing). Thus, Achmea/Blue Sky have both the incentive and ability to supervise and monitor counsel.

Achmea/Blue Sky have further demonstrated their adequacy through their selection of G&E and BLB&G as Lead Counsel for the Class. Each firm has significant experience prosecuting securities class actions and is highly capable of managing complex litigation effectively. [Filing Nos. 19-5; 19-6].

Accordingly, Achmea/Blue Sky have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23.

### 3.    The Presumption In Favor Of Appointing Achmea/Blue Sky As Lead Plaintiff Cannot Be Rebutted

Because Achmea/Blue Sky have the largest financial interest and have demonstrated their typicality and adequacy, Achmea/Blue Sky are entitled to a presumption that they are the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff.  To overcome that presumption, the PSLRA requires other movants to present "proof" that Achmea/Blue Sky are atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Mersho*, 6 F.4th 891, 899, 901 (9th Cir. 2021) (explaining that "competing movants must point to *evidence* of inadequacy" to rebut the presumption); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption").  No such proof exists in this case, and there can be no credible arguments to the contrary.  Indeed, the only competing movant, CTPF, does not offer any contention, let alone proof, to challenge Achmea/Blue Sky's typicality or adequacy.  [Filing No. 24 at 1].

### B.    The Court Should Approve Achmea/Blue Sky's Selection Of Lead Counsel

The PSLRA grants the Lead Plaintiff the power to select and retain counsel to represent the Class, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts generally do not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of the Class.  *See Shah v. Zimmer Biomet Holdings, Inc.*, 2017 WL 1207158, at *2 (N.D. Ind. Apr. 3, 2017) ("In approving the lead plaintiff's selection of counsel, the court review[s] the selection deferentially and [will] only intervene if it is necessary to protect the interests of the plaintiff class.").  Achmea/Blue Sky selected G&E and BLB&G as proposed Lead Counsel for the Class.  G&E and BLB&G each have a long history of successfully prosecuting securities class actions on behalf of investors.  [Filing Nos. 19-5; 19-6].  Moreover, G&E and BLB&G have a successful track record of working together in other shareholder litigation, and have obtained significant recoveries on

6

behalf of investors through their joint prosecution of securities class actions. [Filing No. 23 at 14-15]. This prior experience demonstrates that G&E and BLB&G are eminently qualified to represent the Class in this action. Accordingly, the Court should approve Achmea/Blue Sky's selection of G&E and BLB&G as Lead Counsel for the Class. *See Cent. Cmty. Church of God v. Ent & Imler CPA Grp., PC*, 2005 WL 1115960, at *7 (S.D. Ind. May 9, 2005) (approving lead plaintiff's selection of two law firms as lead counsel); *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022) (same); *Fialkov v. Celladon Corp.*, 2015 WL 11658717, at *6 (S.D. Cal. Dec. 9, 2015) (approving movant's selection of two law firms that had "extensive experience with securities litigation . . . as well as experience working together as co-lead counsel in other securities litigation").

## III.    CONCLUSION

For the reasons discussed above and in their opening brief, Achmea/Blue Sky respectfully request that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of G&E and BLB&G as Lead Counsel for the Class; and (3) grant any further relief as the Court may deem just and proper.

Dated: July 25, 2025

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams
**WILLIAMS LAW GROUP, LLC**
1101 North Delaware Street
Indianapolis, IN 46202
Tel.: (317) 633-5270
Fax: (317) 426-3348
joe@williamsgroup.law

*Local Counsel for Proposed Lead Plaintiff Achmea/Blue Sky*

Karin E. Fisch
Timothy Clark B. Dauz

7

**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
tdauz@gelaw.com

Jeroen van Kwawegen
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 544-1400
Fax: (212) 554-1444
jeroen@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Achmea/Blue Sky and Proposed Lead Counsel for the Class*

8