**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC MILLER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> ELEVANCE HEALTH, INC., GAIL K. BOUDREAUX, FELICIA F. NORWOOD, MARK B. KAYE and STEPHEN B. TANAL, <br><br> Defendants. | Case No. 1:25-cv-923-JRS-MJD <br><br> The Honorable James Russel Sweeney, II <br><br> Magistrate Judge Mark J. Dinsmore <br><br><br> <u>CLASS ACTION</u> |

**ACHMEA/BLUE SKY'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

Achmea/Blue Sky respectfully submit this reply in further support of their motion for appointment as Lead Plaintiff.[1]

Of the two movants seeking appointment as Lead Plaintiff in this case, Achmea/Blue Sky have, by far, the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Indeed, Achmea/Blue Sky's losses of over $12.6 million are eleven times larger than the loss of approximately $1.1 million asserted by the sole competing movant, CTPF. (*Compare* ECF No. 19-3 at 4, *with* ECF No. 18-4 at 2).  *See Grobler v. Inotiv, Inc.*, 2022 WL 4181295, at *2 (N.D. Ind. Sept. 12, 2022) (in assessing financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total loss").  Moreover, Achmea/Blue Sky have made the requisite showing that their claims are typical of those of other Class members and that they are capable of adequately representing the interests of the Class. (ECF No. 25 at 7-8); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Therefore, Achmea/Blue Sky are entitled to a strong presumption that they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  That presumption can only be rebutted with "proof" that Achmea/Blue Sky are atypical or inadequate.  *See id.* § 78u-4(a)(3)(B)(iii)(II).

In its response to Achmea/Blue Sky's motion, CTPF does not dispute that Achmea/Blue Sky have a larger financial interest and does not even attempt to rebut the presumption favoring the appointment of Achmea/Blue Sky as Lead Plaintiff.  (ECF No. 24 at 1).  Because Achmea/Blue Sky have met all of the PSLRA's requirements and CTPF puts forth no opposition, let alone any

---

[1] All capitalized terms are defined in Achmea/Blue Sky's opening and opposition briefs, unless otherwise indicated.  (ECF Nos. 23, 25).

proof that Achmea/Blue Sky are atypical or inadequate, Achmea/Blue Sky respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

Dated: August 1, 2025

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams
**WILLIAMS LAW GROUP, LLC**
1101 North Delaware Street
Indianapolis, IN 46202
Tel.: (317) 633-5270
Fax: (317) 426-3348
joe@williamsgroup.law

*Local Counsel for Proposed Lead Plaintiff Achmea/Blue Sky*

Karin E. Fisch
Timothy Clark B. Dauz
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
tdauz@gelaw.com

Jeroen van Kwawegen
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 544-1400
Fax: (212) 554-1444
jeroen@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Achmea/Blue Sky and Proposed Lead Counsel for the Class*

2