**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELEVANCE HEALTH, INC., GAIL K. BOUDREAUX, FELICIA F. NORWOOD, MARK B. KAYE, and PETER HAYTAIAN,<br><br>Defendants. | No. 1:25-cv-00923-JRS-MJD<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE A CORRECTED COMPLAINT** |

Lead Plaintiff, Stichting juridisch eigenaar Achmea IM Liquid Asset Funds, Stichting Bewaarder Achmea Beleggingspools, and Stichting Bewaarder Syntrus Achmea Beleggingspools ("Lead Plaintiff"), by and through its undersigned counsel, hereby respectfully moves for leave to file a corrected complaint and states as follows in support thereof:

1.    Based on newly discovered information, Lead Plaintiff respectfully requests leave to correct the identity of the Elevance Health, Inc. ("Elevance") official who made the allegedly false and misleading statements at the June 12, 2024 Goldman Sachs Global Healthcare Conference (the "GS Conference"). Lead Plaintiff repeatedly reached out to Defendants to confer regarding this issue. Defendants at one point promised to respond and then subsequently failed to engage, disregarded follow-up emails, and ignored Lead Plaintiff's request to meet and confer. *See* Exhibit 1. As a result, Lead Plaintiff is unaware of Defendants' position on this motion.

2.      By way of brief background, on October 7, 2025, Lead Plaintiff filed a complaint (the "Current Complaint") that included allegations regarding materially false and misleading statements and omissions made during the GS Conference. *See* ECF #49 at ¶¶ 96-97, 118-19. Several reporting services covered the GS Conference and published transcripts of the discussion. Stephen V. Tanal ("Tanal"), at the time Elevance's Vice President, Investor Relations, and Peter Haytaian ("Haytaian"), Elevance's Executive Vice President and President of Elevance's Carelon and CarelonRx divisions, were among the Elevance representatives who spoke at the GS Conference.

3.      The complaint that initiated this action was filed on May 5, 2025 by plaintiff Eric Miller and it alleged that that Tanal made false and misleading statements at the GS Conference. *See* ECF #1 at ¶¶26-27. That allegation was based on a transcript accessed on AlphaSense—a market intelligence search engine that includes libraries of documents including earnings call transcripts—that identified Tanal as the speaker.[1]

4.      The Current Complaint alleged that it was Haytaian who made false and misleading statements at the GS Conference, including statements that had been attributed to Tanal in the initial complaint. ECF #49 at ¶¶96-97, 118-19. These allegations were based on another transcript published by Thomson Reuters that identified Haytaian as the speaker of the alleged misstatements.

5.      Prior to filing the Current Complaint, Lead Plaintiff identified the discrepancy between the transcript utilized in the May 5, 2025 complaint and the Thomson Reuters transcript. Based on Lead Plaintiff's Counsel's ("Lead Counsel") confidence in the general credibility of

---

[1] At the Court's request, Lead Plaintiff will submit copies of the conflicting transcripts and other materials referenced within this Motion.

Thomson Reuters, and based on the good-faith belief that the Thompson Reuters transcript was the accurate version, Lead Counsel determined that it would use the Thomson Reuters transcript. Lead Plaintiff therefore filed the Current Complaint naming Haytaian as a defendant based on the false and misleading statements attributed to him in the Thomson Reuters transcript.

6.    After the Current Complaint was filed on October 7, 2025, one of the attorneys on Lead Plaintiff's legal team attended a meeting with a vendor regarding a new financial data and analytics reporting service. During the meeting, the attorney learned that this service had transcripts of conferences. Mostly out of curiosity, the attorney accessed for the first time an audio file of the GS Conference. The audio file appears to support that the statements at issue were in fact made by Tanal.

7.    After listening to the audio file and recognizing that further ambiguity had been created as to the relevant speaker, Lead Counsel contacted counsel for Defendants the next day, October 15, 2025 by email. Lead Counsel explained the sequence of events and requested that the parties cooperate in good faith to address the issue, as correcting the identity of the relevant speaker is in the best interests of all parties. Lead Counsel also asked Defendants to confirm their understanding of the identity of the person who made the alleged misstatements at issue. Lead Counsel explained that, if necessary, the parties should work together to have a corrected complaint filed that swaps out one defendant for the correct one. Ex. 1 at 3. After no response from Defendants, Lead Counsel again contacted Defendants on October 17, 2025 to follow up. *Id*. at 2. Later that day, Defendants stated in an email that they were "reviewing the request with our client and will respond next week"—*i.e.*, the week of October 20 through 24, 2025. *Id*.

8.    On October 22, 2025, Lead Counsel contacted Defendants to inquire when Lead Plaintiff could expect to hear back from Defendants. *Id*. at 1. Defendants did not respond.

9.     On October 27, 2025, Lead Counsel again contacted Defendants by email. Lead Counsel noted Defendants' failure to respond and informed Defendants that Lead Plaintiff intended to promptly raise the issue with the Court and requested a meet and confer. *Id.* Given Defendants' refusal to engage, Lead Counsel stated that "[i]f Defendants do not respond or otherwise continue to delay, we intend to also raise that with the Court." *Id.*

10.     As of the time of this filing, Defendants have still not responded to Lead Plaintiff's October 15 inquiry and have ignored requests to cooperate and confer. Although it would have been helpful to the parties and the Court for Defendants to have cooperated, they refused to do so. Under these circumstances, Lead Plaintiff determined to file this motion in order to promptly raise this issue with the Court.

11.     Lead Counsel's best understanding based on the newly revealed audio file is that Tanal made the misstatements at issue. Accordingly, Lead Plaintiff respectfully requests leave to file a corrected complaint to properly identify Tanal as the individual who made the misstatements at issue during the GS Conference.

12.     There is no undue prejudice because the Current Complaint was only recently filed, Lead Plaintiff flagged this issue promptly, discovery has not yet begun, there is no case schedule beyond Defendants' anticipated motion to dismiss, and no trial date has been set. Moreover, the error that is sought to be corrected was inadvertent and based on conflicting transcripts that attributed the same statements to two different speakers, and the only changes made in the proposed corrected complaint are to swap in Tanal and swap out Haytaian.[2] Attached as Exhibit 2

---

[2] If this motion is granted, Lead Plaintiff will also promptly file a notice of voluntary dismissal as to Haytaian pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

is a copy of the proposed corrected complaint. Attached as Exhibit 3 is a redline showing the changes the proposed corrected complaint makes to the Current Complaint.

13. Leave is also well supported by the liberal amendment provisions of Federal Rule of Civil Procedure 15(a)(2) to grant a leave "freely . . . when justice so requires." *See also*, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (same); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (same).

WHEREFORE, Lead Plaintiff respectfully requests that the Court grant this motion and permit Lead Plaintiff to file a corrected complaint.

Dated: October 31, 2025

**WILLIAMS LAW GROUP, LLC**

*/s/ Joseph N. Williams*
Joseph N. Williams
1101 North Delaware Street
Indianapolis, IN 46202
Tel.: 317-633-5270
joe@williamsgroup.law

*Local Counsel for Lead Plaintiff*
*Achmea/Blue Sky*

**GRANT & EISENHOFER P.A.**
Karin E. Fisch
James S. Notis
Lauren J. Salamon
Timothy Clark B. Dauz
485 Lexington Avenue
New York, NY 10017
Tel.: 646-722-8500
kfisch@gelaw.com
jnotis@gelaw.com
lsalamon@gelaw.com
tdauz@gelaw.com

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Jeremy Robinson
Thomas Sperber
Kelly Hogan
1251 Avenue of the Americas
New York, NY 10020
Tel.: 212-544-1400
salvatore@blbg.com
jeremy.robinson@blbglaw.com
thomas.sperber@blbglaw.com
kelly.hogan@blbglaw.com

*Lead Counsel for Lead Plaintiff Achmea/Blue Sky*

6

**CERTIFICATE OF SERVICE**

I certify that on the 31st day of October 2025, the foregoing was filed electronically

and served upon counsel of record via the Court's ECF filing system.

/s/ Joseph N. Williams